UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-160 (NEB/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MONTEZ BROWN et al. | ) | |
| | ) | |
| Defendants. | | |

This matter comes before the Court on the Government's Motion for Miscellaneous Relief, specifically to designate this case as complex under the Speedy Trial Act and to extend all pretrial discovery deadlines accordingly. ECF No. 532. The Government initially requested that the Court extend all due dates in the current scheduling order by at least 90 days. *Id.* The Court ordered the parties to meet and confer and provide a joint report to the Court on or before Friday, December 15, 2023. The parties have now complied with that order. The Court notes the parties have come to an agreement regarding certain deadlines on their own, such as the government providing an initial round of exhibits 4 weeks prior to trial, providing most non-cooperator *Jencks* materials pursuant to the Protective Order at ECF 366, and providing all *Jencks* materials, including cooperator *Jencks* materials, two weeks prior to trial. The Court now enters this Third Pretrial Scheduling and Litigation Management Order.

## I. COMPLEX-CASE DESIGNATION

The Court previously granted a motion to designate the original Indictment as complex because "it would be extremely difficult—indeed, probably impossible—for defense counsel, with the exercise of due diligence, to be prepared to file pretrial motions on the schedule typically followed. ECF No. 288 at 4. As to this motion, the government asserts that "[d]iscovery regarding the Superseding Indictment will be more voluminous and complex than the original Indictment. Although some defendants pleaded guilty, the evidence related to each defendant might be relevant to an eventual trial on the Superseding Indictment."

The Superseding Indictment in this case charged 31 defendants with RICO Conspiracy or related charges. In support of its motion to designate this case as complex, the government stated that the allegations of the Superseding Indictment focused on "a racketeering enterprise alleged to be a confederation of street gangs" that involved "188 specific overt acts." The government noted that "[d]iscovery regarding the Superseding Indictment will be more voluminous and complex than the original Indictment." The government estimated that discovery materials would comprise at least 32,558 documents, over 1.5TB of cell phone extractions, and hundreds of hours of body worn camera footage. In addition, the discovery materials contain thousands of written reports and voluminous videos, photographs,

social media records, and other content obtained through search warrants. The government further noted that that Racketeering Conspiracy "is not commonly prosecuted in this district and involves novel questions of fact and law, as well as significant penalties." (Mot. ¶ 4).

The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), this case as charged in the Superseding Indictment is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. This is because of the large amount of discovery, the number of defendants and alleged criminal incidents, and the nature of the prosecution. Accordingly, this case—as charged in the Superseding Indictment—is designated as complex under the Speedy Trial Act.

## II. EXTENSION OF DEADLINES

The parties have agreed to a 60-day continuance of all deadlines from the date of this Order given the complexity of the case. As noted above, the Government contends that even if complete disclosure could occur per a typical scheduling order, the sheer size of the discovery project would result in defendants having an incredibly limited opportunity to conduct a meaningful review for the purpose of filing motions and preparing for trial. For that reason, the government contended it would be unreasonable to expect the defendants to adequately prepare within the typical time limits established

by the Speedy Trial Act.

The Court agrees and finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendants in a speedy trial and such continuance is necessary to provide the government, the defendants, and the parties' respective attorneys the reasonable time necessary for effective preparation and to make efficient use of resources.

## III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The government's Motion to Designate Case as Complex Under the Speedy Trial Act (ECF No. 532) is **GRANTED**.

2.      This case is designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3.      The period of time from **November 20, 2023 to June 26, 2024**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano- Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

4.      The Protective Order filed at ECF 366 remains in effect and applies to the Superseding Indictment. The government has indicated this will allow

it to continue providing most unredacted non-cooperator Jencks materials. Per the parties' agreement, the discovery will include all materials required by Rule 16 and most non-cooperator *Jencks* materials. Additionally, the government will continue to provide discovery in the same user-friendly manner (organized by incident in searchable pdf format accompanied by a spreadsheet index).

5. The Court cannot require the parties to disclose witness statements before a witness testifies at a trial or hearing, but to avoid unnecessary delay of a hearing or trial, the Court urges the parties to voluntarily disclose witness statements two weeks before any hearing or trial. As referenced above, the parties agree to disclosure of most statements other than cooperator statements and agree that all *Jencks* will be disclosed no later than two weeks prior to trial.

6. The government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by February 16, 2024. D. Minn. LR 12.1(a)(1). Although the Court is not ordering the government to make any other disclosures other than those required under Rule 16(a) at this time, it encourages the government to continue providing discovery in the manner it has been doing, such as providing most *Jencks* materials pursuant to the Protective Order and then providing all *Jencks* materials at least two weeks prior to trial.

7. Pursuant to the agreement between the parties, the government will make an initial round of trial exhibits available 4 weeks prior to trial. The government will in good faith disclose the bulk or all its trial exhibits at this time. The parties acknowledge that add-on exhibits are common in the process of trial and such additions will not violate this provision.

8. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Timely means by the February 16, 2024 deadline for any *Brady* material known to the Government or within its putative possession under the principles announced in *Kyles v. Whitley,* 514 U.S. 419 (1995), at that time and as soon as practicable for material discovered thereafter. The Parties expressly acknowledge that in order to make use of *Brady* material, defendants need such material in time to perform follow up investigation, and to take other steps to develop the information.

9. The government agrees to disclose its expert witnesses 6 weeks

prior to trial.

10. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) and 12.1 (Alibi), 12.2 (Insanity/Mental Illness), and 12.3 (Public authority) by **March 18, 2024**. D. Minn. LR 12.1(a)(2).

11. All pretrial motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **April 29, 2024.** D. Minn. LR 12.1(c)(1).

12. Counsel shall electronically file a letter on or before **April 29, 2024**, if no motions will be filed and there is no need for hearing.

13. All responses to pretrial motions shall be filed by **May 24, 2024**. D. Minn. LR 12.1(c)(2).

14. Any Notice of Intent to Call Witnesses shall be filed by **May 24, 2024**. D. Minn. LR. 12.1(c)(3)(A).

15. Any Responsive Notice of Intent to Call Witnesses shall be filed by **June 10, 2024**. D. Minn. LR 12.1(c)(3)(B).

16. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures, and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

17. If required, the motions hearing shall take place before the undersigned on **June 24, 25, and 26, 2024**, in Courtroom 6A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

## IV.  TRIAL

18. IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:

a. All voir dire questions and jury instructions and trial related motions (including motions in limine) must be submitted to District Judge Nancy E. Brasel on or before *a date to be determined.*

b. This case must commence trial on *a date to be determined* before District Judge Nancy E. Brasel in Courtroom 13W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.


Dated: December ___, 2023

_____
The Honorable John F. Docherty
United States Magistrate Judge
District of Minnesota

8