UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY BROWN (26), MARQUES WALKER (27), ERNEST KETTER (32), ROBERT LESURE (33), CARLOS SERRANO (39), AND RONNELL LOCKHART (40),

Defendants.

Case No. 23-cr-160 (NEB/JFD)

**ORDER**

This matter is before the Court on the nondispositive motions filed by Defendants Gregory Brown, Marques Walker, Ernest Ketter, Robert Lesure, Carlos Serrano, and Ronnell Lockhart (collectively, "Defendants").[1] The Court held hearings on the motions on September 30 and October 1 and 2, 2024. Defendants filed their post-hearing briefs on November 6, 8, and 13, 2024, and the United States filed its post-hearing brief on November 27, 2024, at which time the Court took the motions under advisement.

**I.  Motions for the Disclosure of Exculpatory Information (Dkt. Nos. 1288, 1291, 1314, 1320, 1331)**

Defendants move for the disclosure of information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). (Dkt. Nos. 1288,

---

[1] The exceptions are Defendants' motions to sever (Dkt. Nos. 1293, 1313, 1328, and 1373), which are being handled by the Honorable Nancy E. Brasel, United States District Judge.

1

1291, 1314, 1320, 1331.) The Court has already ordered the United States to disclose all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the United States' case, as required by *Brady* and its progeny. (Third Amended Pretrial Scheduling and Litigation Management Order at 9, Dkt. No. 666.) In addition, *Brady* is a constitutional obligation—the United States must disclose exculpatory information even in the absence of a court order. Given this legal landscape, the Court will deny the *Brady* and *Giglio* motions as moot.

II.   **Other Motions for Discovery and Disclosure**

   A.   **Federal Rule of Criminal Procedure 16(a)**

Several Defendants have moved to discover information pursuant to Federal Rule of Criminal Procedure 16. The Court has already ordered the United States to make all disclosures required by Rule 16(a) (Third Amended Pretrial Scheduling and Litigation Management Order at 9), but even if it had not, no court order is needed to obligate the United States to comply with its Rule 16 obligations so long as the defendant has requested disclosures under that rule. Fed. R. Crim. P. 16(a)(1) ("Upon a defendant's request" the United States must disclose six specific types of evidence: defendant's prior oral statements, defendant's prior written or recorded statements, defendant's prior criminal record, certain types of documents and objects, certain test results, and expert reports). Motions for Rule 16 discovery are accordingly denied as moot.

   B.   **Informants**

Mr. Walker moves for an order compelling the United States to disclose the identity of informants. (Dkt. No. 1301.) The government has a limited privilege to withhold the

identity of its confidential informants. *McCray v. Illinois*, 386 U.S. 300, 311 (1967). The defendant bears the burden of demonstrating the need for disclosure. *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). "[I]n order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *Id.* Put differently, "[t]here must be some showing that the disclosure is vital to a fair trial." *United States v. Curtis*, 965 F.2d 610, 614 (8th Cir. 1992). When deciding whether the confidential informant's identity must be disclosed, courts must balance the defendant's needs against the public's strong interest in preserving the confidences of individuals who report crimes. *Roviaro v. United States*, 353 U.S. 53, 59–62 (1956). Courts consider factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro*, 353 U.S. at 60–61); *see also United States v. Lapsley*, 263 F.3d 839, 841 (8th Cir. 2001) ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995); *accord United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987) ("The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required."). By contrast, in cases involving "a 'tipster,' i.e., a person who merely conveys information

3

but does not witness or participate in the offense," disclosure is not vital to a fair trial and so is usually not required. *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987).

The Court denies Mr. Walker's motion because he has not provided a basis to conclude that the disclosure of any particular informant's identity would be material to his defense. The motion merely asserts that informants told law enforcement that Mr. Walker engaged in illegal activity, including the illicit drug transactions alleged as RICO predicate acts in the indictment. Mr. Walker has not explained, however, how the informants' identities are *material* to the determination of his case or *vital* to a fair trial.

### C. Co-Conspirator Statements

Mr. Walker moves for an order requiring the United States to disclose statements or confessions of co-conspirators that it intends to use at trial (Dkt. No. 1302). To the extent such statements contain *Giglio* material, the timing of the disclosure of those statements is governed by the Court's Third Amended Pretrial Scheduling Order, and the motions are denied as moot. If the statements or confessions are sought under Rule 16, they are denied. "Rule 16 of the Federal Rules of Criminal Procedure does not authorize the discovery or inspection of statements made by government witnesses." *United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981); *see United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). To the extent any defendant seeks a pretrial ruling on the admissibility of co-conspirator statements, those requests are premature and should be presented in a motion in limine or motion at trial. (*See* Order at 33, Dkt. No. 1583.)

D.	Mr. Lockhart's and Mr. Serrano's Motions for Grand Jury Transcripts

Mr. Lockhart moves for an order directing the United States to disclose grand jury transcripts for any trial or motion-hearing witness. (Dkt. No. 1296.)

Preliminarily, the motion is denied as moot as to motion-hearing witnesses because, since the motion was filed, the motion hearing has taken place, and no witness who testified before the grand jury was called to testify at the motion hearing.

Turning to trial witnesses, the motion essentially seeks early disclosure of *Jencks* Act material. Mr. Lockhart notes that "[t]he defendant is entitled to the [grand jury] transcripts after direct examination but prior to cross-examination," which is the timetable set out in the *Jencks* Act, 18 U.S.C. § 3500. (Dkt. No. 1296.) Mr. Lockhart then observes that early disclosure may save the need for a continuance that might be needed if the transcripts are not produced until the witness testifies.

The United States responds that it "understands that early disclosure of *Jencks* material assists in the orderly progress of trial and therefore routinely makes *Jencks* material available to a defendant before trial." (Gov't Pre-Hr'g Resp. at 57, Dkt. No. 1386.) The United States then continues by describing the disclosures of witness statements it has already made in this case and those it has undertaken to make in the future. (*Id.*)

The *Jencks* Act, 18 U.S.C. § 3500, provides that a court may not order production of a statement made by a prosecution witness "until said witness has testified on direct examination . . . ." Waiting until that point to produce a witness statement would, as the United States recognizes in its motion response, impede "the orderly progress of trial," so prosecutors in this district routinely disclose *Jencks* material before trial. As noted, in this

5

case, the prosecution has said it will disclose *Jencks* materials in advance of trial. However, the Court cannot order the prosecution to disclose the statements of its witnesses early and therefore declines to do so now.

Mr. Lockhart could potentially be entitled to disclosure of the transcripts on the alternative ground of a showing of "particularized need" for them. *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996). However, beyond stating the time-saving rationale for early disclosure of *Jencks* Act materials, analyzed and found lacking above, Mr. Lockhart does not attempt to make a showing of particularized need. Because Mr. Lockhart has not shown that disclosure of the transcripts would be required under either the *Jencks* Act or upon a showing of particularized need, and because he identifies no other potential bases for disclosure, Mr. Lockhart's motion for disclosure of grand jury transcripts for trial witnesses will be denied.

Mr. Serrano moves for an order disclosing grand jury transcripts because "there is concern that the grand jury did not have sufficient evidence before it to justify finding Mr. Serrano to be a part of the conspiracy alleged in count 3 of that second superseding indictment." (Dkt. No. 1319.) The Court can authorize disclosure of grand jury materials to a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Fed. R. Crim. P. 6(e)(3)(E)(ii), but the defendant must still show a "particularized need" for the material before the Court will grant the request, *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Mr. Serrano makes no showing of a particularized need; he merely surmises that the grand jury may not have had sufficient evidence to indict him. This is insufficient. *See id.* (pointing out that

numerous "cases in this Circuit note that a bare allegation that the records of a grand jury are necessary to determine if there may be a defect in the grand jury process does not satisfy the particularized need requirement") (cleaned up).

### E. Motion to Retain Rough Notes

Mr. Lockhart moves for an order requiring law enforcement agents, including confidential reliable informants, to preserve all rough notes taken and all evidence seized in the course of the underlying investigation. (Dkt. No. 1290.) The United States "does not oppose defendants' motions insofar as they comport with the requirements of Rule 16(a)." (Gov't Pre-Hr'g Resp. at 56, Dkt. No. 1386.) The United States did not specifically address whether the rough notes of confidential reliable informants are within the scope of Rule 16(a). The motion is denied as moot as to law enforcement officers because the Court has already ordered the United States to preserve the rough notes of the law enforcement officers who participated in the investigation of this case. (First Amended Pretrial Scheduling and Litigation Management Order at 6, Dkt. No. 288.) With respect to confidential reliable informants, the Court is aware that prosecutors in this district routinely do not object to such motions, and without a specific objection to this category of discovery, the United States is ordered to direct confidential reliable informants to preserve any rough notes in their possession dealing with the events of this case. This Order directs only that notes be preserved and does not impose on the United States an obligation to disclose the notes.

### F. Motion for Rule 404(b) Evidence

Mr. Lockhart moves for an order directing the United States to disclose Rule 404(b) evidence and to identify the witnesses through whom such evidence will be presented at trial. (Dkt. No. 1295.) The Court will deny as moot the disclosure aspect of this motion because the Court has already ordered the United States to disclose Rule 404(b) evidence at least 45 calendar days before trial. (First Pretrial Scheduling and Litigation Management Order at 7, Dkt. No. 288.) The Court denies the witness-identification aspect of this motion because Rule 404(b) does not require the United States to "disclose directly or indirectly the names and addresses of its witnesses." Fed. R. Evid. 404(b) advisory committee's note to 1991 amendment.

### III. Motion for a Bill of Particulars (Dkt. No. 1300)

Mr. Walker has filed a motion for a bill of particulars (Dkt. No. 1300). The Court denies the motion because the Second Superseding Indictment adequately informs Mr. Walker of the charges against him, and a motion for a bill of particulars cannot be used to demand a "detailed disclosure of the evidence" the United States "will present at trial." *See United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018). The Second Superseding Indictment sets forth a detailed description, extending over approximately 30 pages, of the racketeering conspiracy alleged in Count One, including 193 overt acts in furtherance of the conspiracy alleged to have been committed by one or more members of the conspiracy, including Mr. Walker.[2] The description of the narcotics conspiracy charged in Count

---

[2] Mr. Walker is named in alleged overt acts numbered 45, 73, 110, 113, 117, 122, 123, 125, 126, and 127.

Three, in which Mr. Walker is alleged to have participated, is less fulsome but sets out each essential element of the offense charged, the types of drugs alleged to have been distributed, and the dates the conspiracy is alleged to have begun and ended. *See United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011) (holding that an indictment for conspiracy to distribute a controlled substance provides "'specific facts constituting the offense' if it apprises the defendant of the time frame of the alleged drug conspiracy and the type of drugs involved").

> An indictment adequately states an offense if:
>
> it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)). "[W]e will find an indictment insufficient only if an 'essential element "of substance" is omitted.'" *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001) (quoting *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988)). A bill of particulars is not needed when an indictment is adequate because, as the Eighth Circuit held in the quotation from *Beasley* above, an adequate indictment, among other things, "fairly informs the defendant of the charges. . . ." A bill of particulars is duplicative when the indictment is adequate because:

> A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead

his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague or indefinite.

*United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir. 2002).

In addition, the United States has provided voluminous discovery, which is sufficient to enable Mr. Walker "to understand the nature of the charges against him, prepare a defense, and avoid any surprise." *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023).

### IV. Motions to "Adopt" or "Join" Other Defendants' Motions (Dkt. Nos. 1326, 1327, 1332)

Mr. Brown, Mr. Serrano, and Mr. Ketter ask to "adopt" or "join" in certain motions filed by their co-defendants.

In the Order on Motions for Severance, Judge Brasel granted in part, denied without prejudice in part, and kept under advisement in part Mr. Ketter's motion (Dkt. No. 1327). (Order at 25, Dkt. No. 1598.) Specifically, the motion to adopt was granted as to the adoption of the motions docketed at Dkt. Nos. 963 and 1051; denied without prejudice to the extent that the motion adopted the motions for severance at Dkt. Nos. 963 and 1051; and otherwise kept the motion under advisement. This Court will merely repeat that ruling in this Order, in the interest of thoroughness.

With respect to Mr. Brown's and Mr. Serrano's motions to adopt other defendants' motions, the Court rules as it did in a prior Order (Dkt. No. 1392). That is, the Court will grant the motions insofar as they seek to adopt motions for discovery or to dismiss the indictment on grounds that are universally applicable to all defendants. Otherwise, the Court denies the motions as overly broad and nonspecific.

10

With particular respect to Mr. Serrano's Motion for Leave to Join Motion to Suppress Evidence Obtained by Search and Seizure Filed by Defendant Ja'darius Wright (Dkt. No. 1326), Mr. Serrano argues that he has "standing" to join in the motion because his "private communications with Mr. Wright were seized" by virtue of the seizure of Mr. Wright's cell phones and Snapchat account. (Def. Serrano's Mot. Leave Join Mot. Suppress at 1, Dkt. No. 1326.) The Court finds otherwise.

"To contest the validity of a search, a person must have a reasonable expectation of privacy in the place searched." *United States v. Randolph*, 628 F.3d 1022, 1026 (8th Cir. 2011). "Fourth Amendment rights are personal and may not be vicariously asserted." *Id.* (quotation omitted). With regard to cell phones, an individual "must first establish that he personally has a legitimate expectation of privacy in the object that was searched." *United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2014) (emphasis added). Here, "the object that was searched" was a cell phone, and that cell phone belongs not to Mr. Serrano, but to Mr. Wright. Mr. Serrano cannot vicariously assert Mr. Wright's constitutional right not to be subject to an unreasonable search and seizure. It may well be that Mr. Serrano claims an expectation of privacy in things stored on the phone, for example, communications. If the authorities had come into possession of those communications by searching Mr. Serrano's phone (or home, or car, or any other place in which Mr. Serrano had a reasonable expectation of privacy), it would be a different situation. But the authorities obtained the communications by searching Mr. Wright's phone. Mr. Serrano does not claim an expectation of privacy in Mr. Wright's phone (nor could he), only in communications

11

stored on the phone. The Court will deny Mr. Serrano's motion to join Mr. Wright's motion to suppress.

## V.     Motions to Strike Surplusage (Dkt. Nos. 1297, 1316, 1374)

Mr. Lockhart and Mr. Lesure move to strike surplusage from the Second Superseding Indictment. The Court may strike surplusage from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). Whether to strike surplusage "is a matter within the district court's discretion." *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir. 1990). Such a motion "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962).

Defendants argue that their alleged aliases are prejudicial and irrelevant. The United States responds that it intends to prove the moving Defendants' nicknames at trial because those nicknames are relevant to their identification and their association with the alleged Highs enterprise. According to the United States, the evidence will show that Highs gang members used aliases and that within the gang the moving Defendants were known primarily, if not exclusively, by their nicknames. "[I]nformation the Government intends to prove at trial 'cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" *United States v. Guevara*, No. 21-CR-241 (ECT/DTS), 2024 WL 2862131, at *3 (D. Minn. June 6, 2024) (citing *United States v. Kueng*, No. 21-cr-108 (PAM/TNL), 2021 WL 5564558, at *2 (D. Minn. Nov. 29, 2021); *United States v. Rehak*, No. 08-cr-0072 (PJS/SRN), 2008 WL 2828886, at *8 (D. Minn. July 21, 2008)). "In some cases, the use of a defendant's *irrelevant* nickname to suggest

12

his bad character or unsavory proclivities may be prejudicial," but where the nickname is relevant or part of the United States' evidence, it is not. *United States v. Delpit*, 94 F.3d 1134, 1146 (8th Cir. 1996) (emphasis added).

The United States has represented that it intends to prove at trial the moving Defendants' nicknames and has explained how the nicknames are relevant. The Court finds that the aliases are relevant and not prejudicial and thus will not strike the aliases as surplusage.

Defendants next argue that allegations about overt acts involving violent crimes that do not implicate them and about co-defendants who have pleaded guilty or will be tried separately are prejudicial and irrelevant. The United States responds that it will need to prove the existence of the Highs enterprise and that evidence of the Highs' violent activities (*i.e.*, murder, assault, robberies), together with evidence of firearm and drug trafficking crimes, will establish the existence of a criminal enterprise that engaged in a pattern of racketeering activity. The United States intends to prove that the purposes of the Highs enterprise include engaging in violent acts to attack and retaliate against rival gangs, enriching members and associates with proceeds from illegal firearms and narcotics trafficking, and engaging in violent acts to protect the enterprise's territory, power, and property.

The Court accepts that the United States intends to present evidence of alleged violent acts, together with evidence of alleged firearms and drug trafficking crimes, at the same trial, to prove the existence of a criminal enterprise as defined by the RICO statute

and the purposes of that alleged enterprise. Therefore, the Court will not strike as surplusage alleged overt acts involving violent crimes or other defendants.

Of final note, nothing in the Court's findings or ruling should be read to prevent any defendant from filing a motion in limine addressing how the trial court should present the information in the indictment to the jury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Mr. Brown's Motion for Release of *Brady* Materials (Dkt. No. 1331) is **DENIED AS MOOT**.
2. Mr. Brown's Motion for Leave to Adopt Motions Filed by Co-Defendants (Dkt. No. 1332) is **GRANTED IN PART** and **DENIED IN PART**.
3. Mr. Walker's Motion for Bill of Particulars (Dkt. No. 1300) is **DENIED**.
4. Mr. Walker's Motion for Disclosure of Informants (Dkt. No. 1301) is **DENIED**.
5. Mr. Walker's Motion for Disclosure of Post-Conspiracy Statements (Dkt. No. 1302) is **DENIED AS MOOT IN PART** and **DENIED IN PART**.
6. Mr. Walker's Motion for Release of *Brady* Materials (Dkt. No. 1320) is **DENIED AS MOOT**.
7. Mr. Ketter's Motion to Adopt Motions Filed by Co-defendants (Dkt. No. 1327) is **GRANTED** as to the adoption of the motions docketed at Dkt. Nos. 963 and 1051; **DENIED without prejudice** to the extent that it adopts the Motions for Severance at Dkt. Nos. 963 and 1051; and otherwise **REMAINS UNDER ADVISEMENT**. (*See* Order on Motions for Severance at 25, Dkt. No. 1598.)
8. Mr. Lesure's Motion for Release of *Brady* Materials (Dkt. No. 1314) is **DENIED AS MOOT**.
9. Mr. Lesure's Motion to Strike Surplusage (Dkt. No. 1316) is **DENIED**.
10. Mr. Lesure's Motion for Leave to File Later Motions for Good Cause (Dkt. No. 1317) is **GRANTED**.
11. Mr. Serrano's Motion for Disclosure of Grand Jury Transcripts (Dkt. No. 1319) is **DENIED**.
12. Mr. Serrano's Motion for Leave to Join Motion to Suppress Evidence Obtained by Search and Seizure Filed by Defendant Ja'darius Wright (Dkt. No. 1326) is **DENIED**.

13. Mr. Serrano's Motion to Request Scheduling Consideration (Dkt. No. 1348) is **DENIED AS MOOT**.

14. Mr. Lockhart's Motion for Release of *Brady* Materials (Dkt. No. 1288) is **DENIED AS MOOT**.

15. Mr. Lockhart's Motion for Counsel to Participate in Voir Dire (Dkt. No. 1289) is **RESERVED FOR THE TRIAL COURT**.

16. Mr. Lockhart's Motion to Retain Rough Notes (Dkt. No. 1290) is **DENIED AS MOOT IN PART** and **GRANTED IN PART**.

17. Mr. Lockhart's Second Motion for Release of *Brady* Materials (Dkt. No. 1291) is **DENIED AS MOOT**.

18. Mr. Lockhart's Motion for Disclosure of Rule 404(b) Evidence (Dkt. No. 1295) is **DENIED AS MOOT IN PART** and **DENIED IN PART**.

19. Mr. Lockhart's Motion for Disclosure of Grand Jury Transcripts (Dkt. No. 1296) is **DENIED AS MOOT IN PART** and **DENIED IN PART**.

20. Mr. Lockhart's Motion to Strike Surplusage (Dkt. No. 1297) is **DENIED**.

21. Mr. Lockhart's Second Motion to Strike Surplusage (Dkt. No. 1374) is **DENIED**.

Dated: December 27, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge